IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SAMMIE D. KINNARD )
)
v. ) NO. 3:06-0338
)
METRO POLICE DEPARTMENT, et al )

TO: Honorable Todd J. Campbell, Chief District Judge

**REPORT AND RECOMENDATION**

By order entered April 10, 2006 (Docket Entry No. 4), this action was referred to the Magistrate Judge to enter a scheduling order, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court are motions for summary judgment filed by defendants Ronal Serpas, Dale BeCraft, Jean McCormack, Stephen Reece, Jeffrey Tharpe, Kenneth Bray, and Yannick Deslauriers ("Metro Defendants") (Docket Entry No. 59) and by defendant Michael McClusky (Docket Entry No. 71). The plaintiff has filed a response in opposition to the motions (Docket Entry Nos. 75-76). Set out below are the Court's recommendations for the motions.

**I. BACKGROUND**

The plaintiff filed his complaint pro se and in forma pauperis seeking damages under 42 U.S.C. § 1983, and later filed amendments to his complaint. See Docket Entry Nos. 26, 31, 36, and 42. He alleges that he was wrongfully arrested and subjected to the use of unnecessary and excessive force in violation of his civil rights. The defendants are Metropolitan Nashville Police Department

("Metro") Chief Ronal Serpas and seven police officers -- Dale BeCraft, Jean McCormack, Stephen Reece, Jeffrey Tharpe, Kenneth Bray, Yannick Deslauriers, and Michael McClusky.

During the evening of May 24, 2005, the plaintiff was a guest in a house in Nashville, Tennessee, when several police officers came into the house to execute a search warrant. A cookout was taking place and the plaintiff was alone in the kitchen at the time. He alleges that an unknown officer ("John Doe #1") handcuffed him, threw him to the floor, and then stomped on his back causing numbness in his legs. He alleges that two other officers ("John Doe #2 and John Doe #3") entered the kitchen and that one of the officers, John Doe #3, picked him up from the floor, took him toward the front door, and threw him against a wall injuring his shoulder. The plaintiff asserts that another unknown officer ("John Doe #4") hit him in the side with a flashlight several times while he was being taken from the house.

The plaintiff states that he complained about numbness in his legs and other injuries and was unable to stand or walk. He asserts that he was placed in the back of a police car but was then taken out of the car and told he could go. The plaintiff alleges that he could not walk and that John Doe #4 then stomped on his feet and legs. An ambulance was called to take the plaintiff to a local hospital where he was treated for contusions to his back and shoulder.[1]

The plaintiff contends that he was told that he was being arrested only after he was released by the medical care providers at the hospital. He was charged with a drug crime and disorderly conduct in an arrest report issued by Defendant BeCraft. The plaintiff asserts that these charges were

---

[1] In a Notice filed by the plaintiff on August 23, 2006 (Docket Entry No. 50), the plaintiff states that he underwent surgery on his right shoulder as a result of the shoulder injury he suffered on the night of May 24, 2005.

2

ultimately dismissed but that his arrest led to the violation of his parole and his subsequent re-incarceration within the Tennessee Department of Correction. See Docket Entry Nos. 36 and 42.

In his complaint, the plaintiff was not able to specifically identify any of the named defendants as having been responsible for any of the acts about which he complains. The defendants were named in the complaint because they were listed on an investigative report as having been involved in the execution of the search warrant at the house. See Plaintiff's Deposition at 22-23, Exhibit F to Docket Entry No. 59.

All defendants filed motions to dismiss the claims brought against them in their official capacities. By Order entered August 3, 2006 (Docket Entry No. 47), the motions to dismiss were granted and the plaintiff's official capacity claims against all the defendants and his claims against the Metropolitan Nashville Police Department were dismissed from the action.[2]

Two scheduling orders have been entered (Docket Entry Nos. 43 and 57) providing the parties with the opportunity to engage in pretrial activity. There are no other pending motions and there is no trial date set in the action.

## II. THE MOTION FOR SUMMARY JUDGMENT AND RESPONSE

Defendants Ronal Serpas, Jean McCormack, and Kenneth Bray contend that summary judgment should be granted in their favor because the undisputed facts show that they had no personal involvement in the events at issue. As such, they contend that the plaintiff fails to satisfy an underlying requirement for a claim under Section 1983. Police Chief Serpas argues that he is sued merely because of his supervisory position and not because of any actual interaction with the plaintiff.

---

[2] The plaintiff's appeal of the August 3, 2006, Order was dismissed as premature by the Sixth Circuit Court of Appeals. See Docket Entry No. 82.

3

See Plaintiff's Deposition at 23-24, Exhibit F to Docket Entry No. 59. Defendant McCormack argues that the plaintiff has admitted that he does not remember any female officers having contact with him or being present on the night in question, id. at 23, and, thus, the plaintiff's own deposition testimony does not support a claim against her. Defendant Bray argues that he was not on duty on the evening of May 24, 2005. See Affidavit of Bray, Docket Entry No. 68.

Defendants BeCraft, Reece, Tharpe, and Deslauriers argue that summary judgment should be granted in their favor because the plaintiff's own deposition testimony shows that he cannot identify any of them as having taken any kind of specific action against him on the night in question. Without such evidence, they contend that the plaintiff cannot show either their personal involvement in the alleged acts or that they personally used force against him which was excessive. Additionally, they contend that any force which was used against the plaintiff by police officers was reasonable under the circumstances and was not used in violation of the plaintiff's constitutional rights. The defendants support their motion with their own affidavits and with the plaintiff's deposition.

In his separately filed motion, Defendant McClusky asserts that he was at the scene of the house on the night in question as a plain clothes officer but was there in only a supervisory role. He states that he was not involved in taking the plaintiff into custody but that, upon being made aware of the plaintiff's complaints about numbness in his legs, he directed that an ambulance be called for the plaintiff to be taken to a hospital. Defendant McClusky supports his motion with his own affidavit (Exhibit B to Docket Entry No. 71) and with portions of the plaintiff's deposition (Exhibit A to Docket Entry No. 71).

The plaintiff responds[3] by setting forth copies of medical records which he contends show that he was injured on the night in question and that he was taken to a hospital because of injuries he suffered at the hands of the police officers. He contends that these records also contradict the defendants' denial in their answer that he suffered any injuries arising from the allegations of his complaint. The plaintiff also attaches to his response transcribed portions of interviews of the defendants and other Metro police officers which were purportedly conducted by the Metro Office of Professional Accountability about the incident. The plaintiff takes issue with several statements made in these interviews about what occurred and about whether or not he was belligerent and disruptive. Also attached to the plaintiff's response is his response to the defendants' Statements of Undisputed Facts. The plaintiff has not supported his response with his own affidavit or the affidavit of any witnesses.[4]

### III. STANDARD OF REVIEW

Rule 56(c) of the Federal Rule of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file,

---

[3] By order entered January 10, 2007 (Docket Entry No. 72), the plaintiff was advised that his failure to respond to the defendants' motion for summary judgment could result in the dismissal of the plaintiff's claims. On January 23, 2007, the plaintiff filed his responses. However, they were not docketed until January 24, 2007. The Court inadvertently entered a second, identical order on January 24, 2007 (Docket Entry No. 78). When that Order was signed, the Court did not realize that the plaintiff had already filed responses the prior day.

In the second Order, the Court did not instruct the plaintiff, "in essence, that his response was insufficient" or that he had an additional 20 days to "file a valid response," as the Metro defendants indicate in their notice (Docket Entry No. 84).

[4] The plaintiff does attach one page from what is listed as a "taped telephone conversation with Mr. George Osborne." Mr. Osborne was apparently in the house at the time of the incident but was not in the kitchen when the plaintiff was handcuffed.

5

together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." In order to prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of material fact exists and that judgment as a matter of law should be granted in the moving party's favor. Smith v. Hudson, 600 F.2d 60, 63 (6th Cir. 1979).

In considering a motion for summary judgment, the court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985). The non-moving party, however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Cloverdale Equipment Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989).

Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. Id. at 248. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288-89 (1968).

### IV. 42 U.S.C. § 1983

42 U.S.C. § 1983 does not confer rights upon an individual. Instead, it is a vehicle to seek a remedy for violations of constitutional rights guaranteed elsewhere. Graham v. Conner, 490 U.S.

6

386, 393-94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). A plaintiff proves a claim under Section 1983 by showing that: (1) the defendant was acting under color of state law; and (2) the defendant deprived the plaintiff of rights secured by the United States Constitution or laws of the United States. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970).

In this action, there is no dispute that the plaintiff has satisfied the "under color of state law" requirement for a Section 1983 claim. The only question is whether the plaintiff's constitutional rights were violated by the named defendants.

It is well settled that a defendant cannot be held liable under Section 1983 absent a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct. Hardin v. Straub, 954 F.2d 1193, 1196 (6th Cir. 1992). A defendant cannot be held liable under Section 1983 unless the defendant personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct. Greene v. Barber, 310 F.3d 889, 899 (6th Cir. 2002); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999), cert. denied, 530 U.S. 1264 (2000); Leach v. Shelby Co. Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989).

Because liability under Section 1983 requires a showing of the personal involvement of the defendant in the alleged unconstitutional activity, a defendant cannot be found liable under the theory of respondeat superior or merely because he is in a supervisory position. Shehee, 199 F.3d at 300; Hays v. Jefferson County, 668 F.2d 869, 872 (6th Cir. 1982). To be held liable, a supervisor must have encouraged the specific incident of misconduct or in some other way directly participated in it. Shehee, 199 F.3d at 300.

7

## V. FOURTH AMENDMENT

The Fourth Amendment to the Constitution guarantees that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated . . . ." Under the Fourth Amendment, individuals have a right to be free from excessive force when police make an arrest or seizure. See Graham v. Connor, 490 U.S. 386, 394-95, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); Lyons v. City of Xenia, 417 F.3d 565, 575 (6th Cir. 2005); Kostrzewa v. City of Troy, 247 F.3d 633, 638-39 (6th Cir. 2001).

The touchstone question is the reasonableness of the police officer's actions. The reasonableness inquiry is an objective one: were the officer's actions objectively reasonable in light of the facts and circumstances confronting the officer, without regard to the officer's underlying intent or motivation. Graham, 490 U.S. at 397. Determining reasonableness requires careful attention to the particular facts of each case because what is reasonable is not capable of universal definition. Bell v. Wolfish, 441 U.S. 520, 559 (1979). In Graham, the Supreme Court instructed reviewing courts to consider various factors in evaluating excessive force claims and noted that the proper application of the reasonableness inquiry "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396. These factors do not constitute an exhaustive list, however, and the ultimate question is whether the totality of the circumstances justifies a particular use of force. Id. As the Sixth Circuit in Lyons has stated:

> The question is whether the undisputed facts demonstrate that a hypothetical reasonable officer would have known that his actions, under the circumstances, were objectively unreasonable, not whether [the officer] used the least intrusive means available.

8

Lyons, 417 F.3d at 576 (internal quotations omitted) (citing Scott v. Clay County, 205 F.3d 867, 877 (6th Cir. 2000)). This standard contains "a built-in measure of deference to the officer's on-the-spot judgment about the level of force necessary in light of the circumstances of the particular case." Burchett v. Kiefer, 310 F.3d 937, 944 (6th Cir. 2002).

## VI. LEGAL CONCLUSIONS

A. Defendants Serpas, McCormack, and Bray

Defendants Serpas and Bray have produced evidence which shows that they were not involved in any manner in the events involving the plaintiff on May 24, 2005. The plaintiff has not set forth any argument, let alone any evidence, which rebuts the defendants' evidence and which provides a factual basis for a constitutional claim against Defendants Serpas and Bray. Accordingly, the plaintiff has failed to support his Section 1983 claim against these two defendants and they should be granted summary judgment as a matter of law.

Summary judgment should also be granted to defendant McCormack because the plaintiff's deposition testimony is that none of the officers with whom he came in contact on the night of May 24, 2005, were female. See Plaintiff's Deposition at 23, Exhibit F to Docket Entry No. 59. Accordingly, the plaintiff's own evidence fails to support a claim against defendant McCormack, who is a female.

B. Defendants Tharpe, BeCraft, and Deslauriers

Summary judgment should be granted to these defendants because the plaintiff has failed to set forth evidence upon which a reasonable jury could conclude that these three defendants violated his constitutional rights by using excessive force against him.

9

The defendants have all produced evidence denying that they participated in the unconstitutional conduct alleged by the plaintiff. Defendant Deslauriers asserts in his affidavit that, although he was involved in the search of the house, he does not recall having any physical contact with the plaintiff. See Docket Entry No. 65. Similarly, defendant Tharpe asserts in his affidavit that he was involved in the search of the house but that his only physical contact with the plaintiff came when he transported the plaintiff from the hospital to the Davidson County Criminal Justice Center for booking. See Docket Entry No. 64. Defendant BeCraft asserts in his affidavit that he was the case officer and affiant on the search warrant for the house. See Docket Entry No. 61. He states that, upon hearing yelling from the kitchen, he entered the kitchen and saw the plaintiff handcuffed on the floor. Id. He states that he told the plaintiff to "calm down" but had no physical contact with him on the night in question. Id.

The plaintiff has not set forth any evidence rebutting the affidavits submitted by the defendants. He has not submitted his own affidavit or the affidavit of any witness to the events at issue. In the plaintiff's deposition, he is unable to affirmatively link Tharpe, BeCraft, or Deslauriers with the alleged wrongdoings, identify them as any of the John Doe officers listed in his complaint, or point to any action taken by these defendants which was an act of excessive force. See Plaintiff's deposition, Exhibit F to Docket Entry No. 59.[5]

None of the medical records attached to the plaintiff's response in opposition provide evidence supporting a claim against these three defendants. The medical records merely indicate that the plaintiff suffered injuries and show the treatment he received on the night of May 24, 2005. Even

---

[5] In his response in opposition to the defendants' statement of undisputed material facts, the plaintiff specifically identifies Officer Sharaff Mallery as the John Doe #4 officer who hit him with a flashlight. Mallery is not a defendant in the action.

if the Court views these records in the light most favorable to the plaintiff and assumes as true for the purposes of deciding the summary judgment motions that the plaintiff was injured on the night of May 24, 2005,[6] the medical records do not show that defendants Tharpe, BeCraft or Deslauriers took any wrongful actions against the plaintiff.

Additionally, neither the plaintiff's responses to the defendants' statements of undisputed material facts nor the unverified interview transcripts attached to his response in opposition are sufficient to defeat the summary judgment motion of defendants Tharpe, BeCraft, or Deslauriers. Without a supporting affidavit from the plaintiff, any statements of fact made by him in his response to the defendants' statements of undisputed material facts are not sufficient to support his response in opposition to summary judgment under Rule 56(e) of the Federal Rules of Civil Procedure. The interview transcripts provided by the plaintiff are unverified, unsworn, and uncertified. Regardless, even if these submissions did constitute admissible evidence, there is nothing in the submissions which links any of these three defendants with the alleged wrongdoing in this action.

The plaintiff asserts at various points in his response in opposition that the defendants should "admit what they did" and come forward to state who handcuffed the plaintiff. The defendants are not required to prove the plaintiff's case for him. Two scheduling orders were entered in this action which provided the plaintiff with a full opportunity to request discovery from the defendants. By Order entered October 27, 2006, the defendants were required to serve additional discovery responses on the plaintiff by November 10, 2006. In that order, the Court also extended the deadline for discovery and discovery motions to November 27, 2006, allowing the plaintiff ample time to file any

---

[6] Because the Court, for the purpose of deciding the motions for summary judgment, will assume as true that the plaintiff was injured, the plaintiff does not raise a genuine issue of material fact by noting a contradiction between the medical records and the defendants' denial in their answers that he was injured.

11

motions to compel if he believed the discovery responses were incomplete. No such motions were filed by the plaintiff.

Claims against governmental officials for violation of constitutional rights "cannot be founded upon conclusory, vague or general allegations, but must instead allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what each defendant did to violate the asserted right." Terrance v. Northville Reg'l Psychiatric Hosp., 286 F.3d 834, 842 (6th Cir. 2002). See Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir. 1986). If the plaintiff's proof of causation is based upon pure speculation and he fails to set forth proof linking the specific defendant to the alleged unconstitutional act, his proof is insufficient to sustain a compensable Section 1983 claim. Horn by Parks v. Madison County Fiscal Court, 22 F.3d 653, 659 (6th Cir. 1994).

As the Sixth Circuit has noted, when a defendant makes a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on a critical issue. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1989). In the face of a properly supported summary judgment motion, the plaintiff must present evidence sufficient to show that a genuine issue of material fact exists and that he could succeed on the merits of his claims based on the evidence presented. Liberty Lobby, Inc., 477 U.S. at 252. The plaintiff is not entitled to a trial solely on the basis of his allegations. Gregg v. Allen-Bradley Co., 801 F.2d 859, 861 (6th Cir. 1986). The grant of summary judgment to defendants Tharpe, BeCraft, and Deslauriers is appropriate, not because of a credibility determination, but because the plaintiff simply has not set forth any evidence upon which a reasonable jury could rely in finding that these three defendants took any actions which violated the plaintiff's Fourth Amendment right to be free from the use of excessive force.

12

C. Defendant Reece

Defendant Reece testifies in his affidavit that he is the officer who picked the plaintiff up from the floor in the kitchen and escorted him to the front door. See Docket Entry No. 62. As such, a genuine issue of material fact exists on the issue of whether defendant Reece is the officer identified by the plaintiff as John Doe #3. See Complaint at 9-10; Plaintiff's response to statement of undisputed facts at ¶ 27.

The plaintiff alleges that this officer "snatched me up off the floor by the handcuffs, and stated to me that he is in charge . . . slinging me around taking toward the front door" and that "after getting me outside the house . . . threw me against the wall of the house causing bruise and injury to right shoulder." See Complaint at 9-10. In his affidavit, defendant Reece denies that he jerked the plaintiff off the floor or slammed him against a wall. See Docket Entry No. 62 at ¶ 10.

The ultimate question becomes whether the facts alleged by the plaintiff, if taken as true, could be viewed by a reasonable jury as supporting a claim that defendant Reece used excessive force against the plaintiff.

The plaintiff's allegations that he was "snatched up" and was "slung around" by Reece are simply too insignificant, even if the allegations are taken as true, to support a constitutional claim. Some measure of physical contact is present in every situation involving a custodial arrest. The acts alleged by the plaintiff are not themselves objectively extreme, severe, or punishing. There is no allegation that force was used in a gratuitous or malicious manner. Nor does the plaintiff allege that he suffered any pain or injury as a result of these two acts. As the Supreme Court in Graham noted, "not every push or shove . . . [which] . . . may later seem unnecessary in the peace of the judge's chambers" violates the Fourth Amendment. Graham, 490 U.S. at 396. The mere fact that the plaintiff may have suffered some small degree of pain or discomfort while being arrested is not, by itself,

13

sufficient to support a constitutional claim. See Collins v. Nagle, 892 F.2d 489, 496-97 (6th Cir. 1989).

The plaintiff also alleges that, while he was handcuffed and being escorted out of the house, he was thrown against a wall with such force that he suffered an injury to his shoulder. See Plaintiff's Deposition, Exhibit F to Docket Entry No. 59 at 15-17 and 29. See also Docket Entry No. 50. As noted, defendant Reece denies the allegation. For the purposes of determining the motion for summary judgment, the Court must assume as true the plaintiff's allegations.

The Court finds that genuine issues of material fact exist on the plaintiff's allegation that defendant Reece threw him against a wall and injured his shoulder. At the point when this use of force is alleged to have occurred, the plaintiff was handcuffed and there is no evidence that he was resisting arrest or was presenting any threat or risk which required that some type of force be used to control him. Further, the alleged use of force was objectively serious enough to have injured the plaintiff's shoulder to the point that surgery was required. A reasonable jury could find, based on these facts, that throwing the plaintiff against a wall while he was handcuffed was unnecessary under the circumstances, was objectively unreasonable, and was significant enough to constitute a violation of the plaintiff's Fourth Amendment rights. Summary judgment should be denied to defendant Reece on this claim. When resolution of the reasonableness determination for an excessive force claim requires belief of one party's set of facts over another, the defendant is not entitled to summary judgment on the issue. See Sigley v. City of Parma Heights, 437 F.3d 527, 536 (6th Cir. 2006); Sova v. City of Mount Pleasant, 142 F.3d 898, 903 (6th Cir. 1998).

D. Defendant McClusky

Summary judgment should be granted to defendant McClusky. Defendant McClusky asserted in his affidavit that he was a "plain clothes" officer at the house on the night in question, did not handcuff or escort the plaintiff, and had no physical contact with the plaintiff. See Affidavit of McClusky, Exhibit B to Docket Entry No. 71. The plaintiff has not presented any evidence which rebuts defendant McClusky's affidavit and which shows that defendant McClusky was one of the "John Doe" officers alleged to have used excessive force against him. Further, in his deposition, the plaintiff testified that the "John Doe" officers were wearing police uniforms. See Plaintiff's Deposition at 33-34, Exhibit A to Docket Entry No. 71.

In his response to defendant McClusky's motion for summary judgment, the plaintiff asserts that factual disputes exist because defendant McClusky asserted in his affidavit that the plaintiff was belligerent, disorderly, and uncooperative and that he had no knowledge that the plaintiff was mistreated. The plaintiff also argues that defendant McClusky failed to fill out and file an injury report despite the fact that he called for an ambulance to treat the plaintiff. See Plaintiff's Response (Docket Entry No. 76).

These issues do not raise genuine issues of material fact because none of these factual issues, even if resolved in favor of the plaintiff, show that defendant McClusky was one of the officers who is alleged to have used excessive force against the plaintiff. No reasonable jury could find in favor of the plaintiff in a claim against defendant McClusky based on the evidence which is before the Court.

E. Wrongful Arrest Claim

Pursuant to the Order entered July 25, 2006 (Docket Entry No. 42), the plaintiff's motion to amend his complaint (Docket Entry No. 36) was granted and the plaintiff's complaint was amended to include a claim based on wrongful arrest.[7]

None of the defendants have addressed this claim in their motions for summary judgment. However, review of the evidence before the Court indicates that only two of the named defendants appear to have been involved in actually lodging criminal charges against the plaintiff. Defendant BeCraft was the individual who signed the arrest report for the plaintiff. See Exhibit B to Docket Entry No. 75. Defendant Reece, in his affidavit, asserts that he "pressed charges against Mr. Kinnard for disorderly conduct." See Docket Entry No. 62 at ¶ 12. Accordingly, summary judgment on this claim is appropriate for all defendants other than BeCraft and Reece.

## **RECOMMENDATION**

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) the motion for summary judgment filed by defendants Ronal Serpas, Dale BeCraft, Jean McCormack, Stephen Reece, Jeffrey Tharpe, Kenneth Bray, and Yannick Deslauriers (Docket Entry No. 59) be

> a) GRANTED in full with respect to defendants Ronal Serpas, Jean McCormack, Jeffrey Tharpe, Kenneth Bray, and Yannick Deslauriers and that these defendants be DISMISSED from the action;

---

[7] The defendants have not filed responses to the plaintiff's amended complaint.

16

b) DENIED with respect to the excessive force claim as against defendant Stephen Reece;

c) DENIED with respect to the unlawful arrest claim as against defendant Stephen Reece and Dale BeCraft;

2) the motion for summary judgment filed by defendant Michael McClusky (Docket Entry No. 71) be GRANTED and McClusky be DISMISSED from the action;

3) this action be set for trial.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_Juliet Griffin_
JULIET GRIFFIN
United States Magistrate Judge