IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SAMMIE D. KINNARD )
)
v. )       NO. 3:06-0338
)
METROPOLITAN POLICE )
DEPARTMENT, et al )

TO:  Honorable Todd J. Campbell, Chief District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By order entered April 10, 2006 (Docket Entry No. 4), this action was referred to the Magistrate Judge to enter a scheduling order, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

On September 7, 2007, an evidentiary hearing was held in the action.  Set out below are the Court's findings of fact and recommendation for disposition of the action.

## I.  BACKGROUND

The plaintiff filed his complaint pro se and in forma pauperis seeking damages under 42 U.S.C. § 1983, and later filed amendments to his complaint.  See Docket Entry Nos. 26, 31, 36, and 42.  He alleges that he was wrongfully arrested and subjected to the use of unnecessary and excessive force in violation of his Fourth Amendment rights.  By orders entered August 3, 2006 (Docket Entry No. 47), and June 8, 2007 (Docket Entry No. 99), respectively, all defendants and claims in the action were dismissed except for:

1) a claim of excessive force made against Stephen Reece, a police officer with the Metropolitan Nashville Police Department ("Metro"), in only his individual capacity; and

2) a claim of wrongful arrest made against Reece and Metro Police Officer Dale BeCraft, in only their individual capacities.

The essential facts of the plaintiff's claims are as follows. During the evening of May 24, 2005, he was a guest in a house in Nashville, Tennessee, when several police officers came into the house to execute a search warrant. The plaintiff was alone in the kitchen at the time. He alleges that an unknown officer handcuffed him, threw him to the floor, and then stomped on his back causing numbness in his legs. He alleges that two other officers entered the kitchen and that one of the officers, whom the plaintiff later identified as Defendant Reece, picked him up from the floor, took him toward the front door, and threw him against a wall injuring his shoulder. The plaintiff asserts that another unknown officer hit him in the side with a flashlight several times while he was being taken from the house.

The plaintiff complained to the officers about numbness in his legs and other injuries and was unable to stand or walk. He asserts that he was placed in the back of a police car but was then taken out of the car and told he could go. The plaintiff alleges that he could not walk and that another unknown police officer then stomped on his feet and legs. An ambulance was called to take the plaintiff to a local hospital where he was treated for contusions to his back and shoulder. In a Notice filed by the plaintiff on August 23, 2006 (Docket Entry No. 50), he states that he underwent surgery on his right shoulder.

The plaintiff contends that he was told that he was being arrested only after he was released by the medical care providers at the hospital. He was charged with manufacturing marijuana and disorderly conduct. The plaintiff asserts that these charges were ultimately dismissed but that his

arrest led to the violation of his parole and his re-incarceration within the Tennessee Department of Correction. See Docket Entry Nos. 36 and 42.

## II. FACTUAL FINDINGS

At the evidentiary hearing, the plaintiff proceeded pro se. He testified, as did defendants Dale Becraft and Stephen Reece. No other individual testified at the hearing.[1]

The plaintiff is currently an inmate of the Tennessee Department of Correction confined at the Turney Center Industrial Prison & Farm. The sentence he is currently serving is unrelated to the events of this lawsuit and began on April 28, 2007.

At the time of the incident at issue, the plaintiff was a parole releasee. As a result of the incident on the night in question, he was arrested on the criminal charges of disorderly conduct and manufacturing marijuana. The plaintiff's parole was subsequently revoked in July 2005 because of these charges. On July 22, 2005, the Davidson County, Tennessee Grand Jury indicted the plaintiff on the charge of manufacturing a controlled substance. See Docket Entry No. 120 and exhibits. No indictment was issued for the disorderly conduct charge. On March 29, 2006, the state prosecutor issued a nolle prosequi on the two charges and they were dismissed. Id. The plaintiff was released from incarceration within the TDOC on September 29, 2006, after a parole hearing.

---

[1] By order entered July 31, 2007 (Docket Entry No. 107), the Court denied the plaintiff's request that witness subpoenas be issued for three witnesses he requested appear at the evidentiary hearing.
   At the evidentiary hearing, the Court orally denied the plaintiff's request (Docket Entry No. 15) that a witness subpoena be issued for the Turney Center medical director. The Court later entered an Order (Docket Entry No. 118) denying the request.

3

The plaintiff was in the house of a friend, Mr. George Osborne, for a social gathering on the evening of May 24, 2005, when several police officers came into the kitchen, where he was alone at the time. The officers were at the house in order to execute a search warrant.

The plaintiff testified that he complied with the officers' orders to put his hands behind his back and to lie down on the floor but that an unknown officer began to stomp and kick him in the back. The plaintiff testified that he "hollored" and protested about what the officer was doing and was stomped again "a couple more times." He stated that his legs began to go numb as a result of the officer's actions and that defendant Reece then entered the kitchen, "snatched" him up by his handcuffs, and took him out of the kitchen toward the front door of the house. A second police officer helped Defendant Reece take the plaintiff out of the kitchen to the front door. The plaintiff testified that the second officer struck him in the side with a flashlight several times.

The plaintiff testified that, after getting outside the front door, defendant Reece "slammed" him up against the wall of the house. He stated that he could not walk at that time because of the numbness in his legs. The plaintiff was taken by the police to a local hospital where he was provided with some level of minor treatment that night. The plaintiff testified that, at the conclusion of his treatment at the hospital, he was told that he was being arrested on the charges of disorderly conduct and manufacturing marijuana and that he was taken into custody.

The plaintiff testified that he suffered a contusion to his right shoulder as a result of being slammed against the wall and that he continued to have pain in his shoulder and back for several months. He stated that he received treatment for these injuries while incarcerated, was given pain medication, received an MRI on his shoulder, complained to prison medical doctors on July 18, 2006, that he felt something "tear" in his shoulder, and eventually had surgery on his right shoulder

4

sometime in 2006 prior to his release from the TDOC in September 2006. He testified that he continues to have pain in his shoulder and back and is scheduled to have additional treatment.

The plaintiff denied that he was disorderly on the night of May 24, 2005. While he admits that he was told to "calm down," he testified that he screamed and loudly complained but only because he was being abused by the police officers and because his legs were becoming numb. He denies that the marijuana plants found in a building outside the house were his plants and states that Mr. Osborne's nephew told the police officers that night that the plants belonged to the nephew. The plaintiff states that the nephew was ultimately found guilty of a criminal charge related to the marijuana plants.

Defendant BeCraft offered limited testimony at the hearing and was questioned only by the plaintiff. He essentially testified that he was the officer who wrote the arrest report for the charge of manufacturing marijuana.

Similarly, Defendant Reece offered limited testimony at the hearing and was questioned by only the plaintiff. He testified that he was the officer who escorted the plaintiff from the kitchen to the front door of the house, where he gave the plaintiff to another officer who took the plaintiff outside to the police car.

### III. ANALYSIS

A. Excessive Force Claim

This claim should proceed to trial. The facts brought out at the evidentiary hearing do not differ in any significant way from those which were presented to the Court as part of the defendants' motion for summary judgment on this claim. See Docket Entry Nos. 59-69. That motion was denied

Case 3:06-cv-00338   Document 127   Filed 10/29/07   Page 5 of 8 PageID #: 568

as to Defendant Reece.  See Order (Docket Entry No. 99) and Report and Recommendation (Docket Entry No. 89) at 14.

The plaintiff alleges that he was handcuffed, suffered from numbness in his legs, and was under the control of Defendant Reece when Reece threw him against a wall for no reason with sufficient force that the Plaintiff suffered a shoulder injury.  The plaintiff has set forth a version of events, supported by his own testimony, which could be relied upon by a reasonable trier of fact to find in his favor on a claim that excessive force was used against him in violation of his Fourth Amendment rights.  See Graham v. Connor, 490 U.S. 386, 394-95, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989).  Defendant Reece denies the allegation that the plaintiff was thrown against a wall and has presented a different version of the events, which if believed, would result in a verdict in his favor. Genuine issues of material fact exist on this claim that involve credibility determinations and factual disputes which must be resolved by a trier of fact.

B. False Arrest Claim

The defendants did not seek dismissal of this claim in their motion for summary judgment. See Docket Entry No. 89, at 16.  After review of the evidence presented at the evidentiary hearing, the Court recommends that this claim proceed to trial.

The Fourth Amendment requires probable cause for an arrest.  See Crockett v. Cumberland College, 316 F.3d 571, 580 (6th Cir. 2003).  The plaintiff was arrested on the night of May 24, 2005, and charged with two offenses: disorderly conduct and manufacturing marijuana.  If probable cause existed for either of these charges, the arrest was lawful and the plaintiff's Fourth Amendment rights were not violated.  See Swiecicki v. Delgado, 463 F.3d 489, 498 (6th Cir. 2006); Lyons v. City of Xenia, 417 F.3d 565, 573 (6th Cir. 2005); Weaver v. Shadoan, 340 F.3d 398, 407 (6th Cir. 2003).

6

Determining probable cause turns on whether the "facts and circumstances within the officer's knowledge [ ] are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." <u>Michigan v. DeFillippo</u>, 443 U.S. 31, 37, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979). Courts view this question through the lens of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. <u>Klein v. Long</u>, 275 F.3d 544, 550 (6th Cir. 2001).

The Court first notes that two facts established at the hearing do not require the Court to find either in favor of or against the plaintiff on this issue. The fact that the criminal charges were ultimately dismissed does not render the plaintiff's arrest improper because no determination on the issue of probable cause was attached to the dismissal of the charges. See <u>Wilson v. Morgan,</u> 477 F.3d 326, 336 at n. 4 (6th Cir. 2007). Conversely, the fact that the plaintiff was indicted for the charge of manufacturing a controlled substance subsequent to his arrest does not establish that probable cause for the arrest existed at the time of the arrest because after-the-fact grand jury involvement cannot serve to validate a prior arrest. <u>Radvansky v. City of Olmsted Falls</u>, 395 F.3d 291, 307 (6th Cir. 2005).

Turning now to the two criminal charges for which the plaintiff was arrested, the Court cannot find, based upon the record before the Court, that probable cause existed for the plaintiff's arrest on these charges. The defendants have not presented any evidence of what facts and circumstances were within their knowledge which led them to believe that the plaintiff had committed the offenses of manufacturing marijuana and disorderly conduct and that he should be arrested for these offenses. There is simply no evidentiary basis upon which the Court can find that probable cause existed for his arrest. Whether there is probable cause is for a trier of fact to decide, "unless there is only one reasonable determination that is possible." <u>Thacker v. City of Columbus</u>, 328 F.3d 244, 255 (6th Cir.

7

2003). If reasons existed for the decision to charge the plaintiff with violating the two offenses, these reasons remain known only to the defendants and have not been explained in any manner.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that this action proceed to trial on the plaintiffs' claim of excessive force against Defendant Reece in his individual capacity and on the plaintiff's claim for wrongful arrest against Defendants Reece and BeCraft in their individual capacities.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge

8